# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MOHAMMAD ZABIHI

    Plaintiff,

v.                                                                  Civil No. 02-1033 WPJ/RHS (ACE)

NEW MEXICO DEPARTMENT OF HEALTH,
J. ALEX VALDEZ and RAMONA FLORES-LOPEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss, filed on August 14, 2003 **(Doc. 21)**. Plaintiff brings this lawsuit against Defendants under Title VII and 42 U.S.C. § 1982, alleging that Defendants violated his federal statutory and constitutional rights when they failed to hire him as a psychologist because he is Iranian.

In the instant motion, to which Plaintiff has not responded, Defendants seek dismissal for insufficiency of service under Fed.R.Civ.P. 4(m) and 4(e). The Complaint was filed on August 20, 2002, and the docket reflects returns of service dated February 14, 2003. Thus, service occurred more than fifty days beyond the time at which the Rule 4(m) states a court shall dismiss absent a showing of good cause.

Neither Defendant Valdez nor Defendant Flores-Lopez have been personally served. Both individual Defendants are named in their individual and official capacities. Defendant Valdez formerly served as the Secretary of the New Mexico Department of Health ("DOH"), and has been replaced by Patricia T. Montoya. However, as Defendants point out, under Fed.R.Civ.P.

25(d), Defendant Valdez still remains in this suit in his individual or personal capacity.[1] Service on the entity for which Defendant Valdez served in his official capacity does not obviate the need for him to be served personally. See Whatley v. District of Columbia, 188 F.R.D. 1, 2 (D.C. 1999) (individual defendants who are employees of a municipal corporation are subject to service under Rule 4(e) of the Federal Rules of Civil Procedure rather than under Rule 4(j)(2) which extends only to states, municipal corporations, or other government organizations).

Defendants are willing to have the Court review the motion on its additional arguments on the merits of the case should the Court reject the motion on the basis of improper service.[2] While the offer is tempting for reasons of judicial efficiency, I am not inclined to rush ahead to address the case on its merits, given that two of the Defendants in this action have effectively not been served at all. While I am not required to provide Plaintiff with an extension of time in which to properly effect service, I will exercise my discretion to do so.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion to Dismiss **(Doc. 21)** is hereby GRANTED IN PART in that Plaintiff has thirty **(30)** days from the date this Order is entered in which to effect

---

[1] Under Fed.R.Civ.P.25(d), Patricia Montoya is automatically substituted as a party.

[2] In that case, Defendants would waive personal service and proceed on the merits. Defendants have preserved the defense in their Answer. See McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191 (3rd Cir. 1998) ( if a defendant seeks dismissal of the plaintiff's complaint pursuant to Rule 12(b)(5) on the ground that service of process was insufficient or ineffective, it must include that defense either in its answer or together with any other Rule 12 defenses raised in a pre-answer motion, or it is waived). I do not consider Defendants' willingness to proceed on the merits to be a formal waiver of the defense, but rather a concession they make should the Court decide against them on the issue of improper service.

proper service, as required by law;

**IT IS FURTHER ORDERED** that Plaintiff has two **(2)** weeks from the Court-imposed deadline for service in which to respond to the arguments on the merits raised by Defendants in the instant motion.

**IT IS FURTHER ORDERED** that Plaintiff is hereby notified that his failure to properly serve Defendant and/or his failure to respond to the arguments on the merits raised by Defendants may result in the Court entering an Order dismissing this case.

_____
UNITED STATES DISTRICT JUDGE