**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————

MOHAMMAD ZABIHI

     Plaintiff,

v.                                        Civil No. 02-1033 WPJ/RHS (ACE)

NEW MEXICO DEPARTMENT OF HEALTH,
J. ALEX VALDEZ and RAMONA FLORES-LOPEZ,

     Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING REQUEST TO REOPEN DISCOVERY, and
GRANTING EXTENSION OF TIME TO RESPOND TO
SUMMARY JUDGMENT MOTION**

THIS MATTER comes before the Court upon an "Affidavit of Herbert Silverberg under Rule 56(f)," filed November 3, 2004 **(Doc. 52)**.[1]   The Court will construe this pleading as a motion under Fed.R.Civ.P.56(f) because of the relief requested by the movant, who represents the Plaintiff in this case.   Plaintiff has filed an affidavit under Fed.R.Civ.P. 56(f), seeking additional time in which to conduct discovery.[2]   See Weir v. Anaconda Co., 773 F.2d 1073, 1081 (10th Cir.1985) (upon the filing of a 56(f) affidavit, the district court has the discretion to order a continuance to permit additional discovery or the filing of affidavits).   Plaintiff's request will be

———————————

[1]   The pleading itself is styled as a "Declaration," but was electronically filed by the movant as an "Affidavit."

[2]   Fed.R.Civ.P. 56(f) provides: "When affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

denied.

## Background

Plaintiff's original complaint asserted two counts -- claims under Title VII and § 1981 (Counts I and II, respectively).  On May 23, 20024, Plaintiff filed an amended complaint adding an Equal Protection claim under § 1983 (Count III) and a breach of agreement claim (Count IV).[3] Counts I and II pertain to Plaintiff's claim against his former employer, the Department of Health ("DOH"), and Defendant Flores-Lopez regarding the failure to hire him as a psychologist when there was a position available, based on his national origin as a Persian.  Counts III and IV concern the alleged breach of an agreement that if Plaintiff returned to work, he would not be required to work with or be supervised by Defendant Diane Nunn.  According to the amended complaint, Defendant Matt McCue is mainly responsible for Plaintiff's constructive discharge, and allegedly made assurances to Plaintiff as part of their agreement that Plaintiff would not have to work with, or be supervised by, Defendant Nunn.  See, Amended Complaint, ¶ 41.

The scheduling order in this case has already been amended once, on May 13, 2004.  The amended scheduling order moved the deadlines forward about six months, requiring discovery to be completed by August 27, 2004 and for dispositive motions to be filed by September 27, 2004. Docs. 19 and 40.  On September 27, 2004, Defendant filed a Motion for Summary Judgment as to All Counts (Doc. 48).[4]  Plaintiff requested from opposing counsel, and received, an extension of

---

[3]  The Court granted Plaintiff's motion to amend on March 11, 2004 (Doc. 35).

[4]  Defendant also filed a motion to dismiss Counts III and IV on April 9, 2004 (Doc. 38), to which Plaintiff has responded.

time for responding to the motion until November  3, 2004.  Plaintiff now seeks an additional

amount of time in which to respond to the motion, as well as permission to reopen discovery  in

order to depose Defendant McCue, and possible other Defendants.

During September and October 2004, just after the close of the amended dispositive

motion deadline, Plaintiff's counsel encountered health issues which required surgery.  At the

beginning of October, Plaintiff's counsel came across a newspaper article which alerted him to

Defendant McCue's resignation of employment from DOH.  Plaintiff now seeks to depose

Defendant McCue in order to "shed additional light on the nature of his exchange with Plaintiff

regarding promises of non-supervision by Nunn, as well as on any discussions McCue may have

had with Defendants Nunn, Flores-Lopez and others on this topic."  Declaration at 4.  Plaintiff

would also like the opportunity to inquire into Defendant McCue's "knowledge of [Defendant

Nunn's] historically-established antagonism toward Plaintiff.  Reply at 3.

## Discussion

Under Rule 56(f), the movant must "identify the probable facts not available and what

steps have been taken to obtain these facts."  In Committee for the First Amendment v. Campbell,

962 F.2d 1517, 1522 (10th Cir. 1992) (citations omitted).  In this circuit, the nonmovant also

must explain "how additional time will enable him to rebut movant's allegations of no genuine

issue of fact."  Id. (citations omitted);  Although the affidavit need not contain evidentiary facts, it

must explain why facts precluding summary judgment cannot be presented. Id. (citation omitted);

Jarvis v. Nobel/Sysco Food Serv. Co. et al., 985 F.2d 1419, 1422-23 (10th Cir. 1993) (mere

assertion that evidence that supporting party's allegation is in the hands of the opposing party is

insufficient to justify a denial of Rule 56(f) motion. . . party filing affidavit must show how

additional time will enable him to rebut movant's allegations of no genuine issue of fact).

The obvious question, of course, is why Plaintiff has not thought of deposing *any* of the Defendants, much less a "key defendant in this lawsuit" (Declaration at 2, ¶ 5), before now.   The topics on which Plaintiff now seeks to question Defendant McCue could have been asked and answered months ago.  There is no indication that Defendant McCue has been unavailable for deposition before now.   Plaintiff's reason for not deposing McCue before now is that he expected McCue to be "reluctant to divulge on the record . . . problems and shortcomings in the agencies they manage, much less to acknowledge shortcomings and misdeeds of their own. . . ." Declaration at 4.  Likewise, Plaintiff's counsel did not depose  any Defendants in this case who held "key managerial positions" because he expected them to "parrot the party line to protect their jobs before McCue's departure. . . ."  Reply at 2.  In other words, Plaintiff was skeptical that he would get forthright answers from these individuals.

Plaintiff fails both parts of the required showings under Rule 56(f).  Plaintiff has not identified any "probable facts" not available.   Further, Plaintiff's inability to present facts to rebut Defendant's summary judgment (assuming there are such facts) is a direct result of his choice not to depose any of the key Defendants.  Plaintiff's reason for his decision not to take Defendant McCue's deposition while he was still employed by DOH  -- because there were possible credibility issues -- is not sufficient for allowing Plaintiff to depose him now, nearly three months after discovery has ended.  Credibility issues are hardly novel to litigation and may themselves be sufficient to preclude summary judgment when raised in connection with material facts.   Thus, I find no basis under Rule 56(f) on which to reopen discovery in order to allow Plaintiff to depose any of the Defendants at this point in the litigation.   Plaintiff's request, coming at the heels of

Defendant summary judgment motion, appears more like a "fishing expedition in progress" than a legitimate need to unearth facts that are essential to Plaintiff's opposition to summary judgment. See, Campbell, 965 F.2d at 1523; see, Lewis v. City of Ft. Collins, 903 F.2d 752, 758 ( 10th Cir. 1990) ("Rule 56(f) is not a license for a fishing expedition. . . .") (citation omitted).

Plaintiff also fails the second requirement for allowing addition time and discovery under Rule 56(f), which is to furnish the Court with an explanation regarding how additional time would enable him to rebut Defendant's allegations of no genuine issue of fact set forth in the summary judgment motion.  Plaintiff has not conducted much discovery at all; he does not dispute Defendant's statement that he has taken no depositions, and propounded no interrogatories or discovery requests except for a Request for Production of an audiotape.  Deft's Ex. A.  to Response of All Defts.   By virtue of this motion, Plaintiff requests additional time only to do what he could have done much earlier.  Plaintiff's counsel's medical problems will not be considered a factor in the request for additional discovery time.  Counsel states that his "health issues" started during September 2004.  Decl., ¶ 4.  Plaintiff's decision not to conduct discovery or depositions was made over the long course of discovery in this case, prior to counsel's illness. Discovery first commenced in this case in July 2003.  The amended complaint, which spawned an amended scheduling order, allowed Plaintiff an additional six months for discovery, ending finally at the end of August 2004.

Sufficient time for discovery is especially important when relevant facts are exclusively in the control of the opposing party.  See Guthrie v. Sawyer, 970 F.2d 733, 738 (10th Cir. 1992) (citation omitted).  Defendant contends that the facts relevant to promises allegedly made by McCue concerning non-supervision by Defendant Nunn are not in Defendant's control.  This

5

contention has some merit, since Plaintiff concedes that he testified in his deposition that prior to signing the settlement agreement, nobody told him that he would never be supervised by Defendant Nunn.   Instead, Plaintiff argues that "facts concerning what happened before the settlement agreement was signed are irrelevant to this claim. . . ."  Reply at 3.   However, the amended complaint clearly states that McCue's assurances to Plaintiff that he would not be required to work under Nunn were given "[i]n return for Plaintiff's willingness to settle the case." Amended  Complaint, ¶ 17.  Thus, facts concerning what the parties agreed to prior to, or as part of the settlement, are very much a part of Plaintiff's claim of breach of an agreement: breaches that allegedly occurred *after* the settlement was entered into hinge on what promises were made *before* or *as part of* the agreement, but were not kept.[5]

Considering the late date of Plaintiff's request, and Plaintiff's counsel's dilatory tactics on conducting discovery, there is no basis for a finding that this Court should grant further discovery. A party who has been dilatory in discovery may not use Rule 56( f) to gain a continuance where he has made only vague assertions that further discovery would develop genuine issues of material fact.  Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit, 28 F.3d 1388, 1387 (5th Cir. 1994) ("only parties who have diligently pursued discovery are entitled to the protections afforded under Rule 56(f)"); United States v. Bob Stofer Oldsmobile-Cadillac, Inc., 766 F.2d 1147, 1152 (7th Cir. 1985); Waldron v. Cities Service Co. , 361 F.2d 671 (2nd Cir. 1966), aff'd 391 U.S. 253, (1968) reh'g denied 393 U.S. 901 (1968).

Plaintiff's counsel notes that Defendant Nunn recently left her employment position  - the

---

[5]  The majority of Plaintiff's reply is devoted to tangential arguments on the merits of Counts III and IV, and does not provide the Court with further information as to why further discovery would create an issue of fact on those counts.

one in which she allegedly was to supervise Plaintiff.  Reply at 3.  Counsel also observes that upon

taking Defendant McCue's deposition, there may be a "need for further discovery from Nunn,

Flores-Lopez and other Department employees who were not deposed earlier. . . ."  Motion at 5.

In other words, Plaintiff essentially asks for a discovery "do-over" in a case that has already been

afforded generous extensions, for reasons that have nothing to do with the factors normally

considered under Rule 56(f).  Although a Rule 56(f) motion should be treated liberally, see Jensen

v. Redevelopment Agency of Sandy City, et al, 998 F.2d 1550, 1553 (10th Cir. 1993), I decline to

grant Plaintiff's request to reopen discovery for reasons stated above.  However, inasmuch as

Plaintiff seeks additional time in which to respond to Defendant's summary judgment motion, the

request is granted.

> **THEREFORE,**

> **IT IS ORDERED** that Plaintiff's request to extend discovery, presented to the Court as

an "Affidavit of Herbert Silverberg under Rule 56(f)"(**Doc. 52**), is hereby DENIED;

> **IT IS FURTHER ORDERED** that Plaintiff's request for an extension of time in which to

respond to Defendant summary judgment motion is hereby GRANTED; Plaintiff's response to

Defendant's Motion for Summary Judgment as to all Counts of the Amended Complaint is due

Friday, January 7, 2005.

_____
UNITED STATES DISTRICT JUDGE